**Abatement Order filed June 27, 2019**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-18-00834-CR**

_____

**AMIT DINESH PATEL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 434th Judicial District Court
Fort Bend County, Texas
Trial Court Cause No. 11-DCR-058110**

## ABATEMENT ORDER

On June 12, 2019, appellant and the State filed a joint motion to abate the appeal and remand for plea negotiations. The parties state that they have reach an agreement regarding appellant's probation, which they intend to present to the trial court for approval. The parties contend appellant will dismiss the appeal if the trial court approves a punishment of "shock probation." The motion is GRANTED. The trial court is ordered to hold a hearing on the parties' agreement within 60 days from the date of this order. A hearing record and a supplemental clerk's record

reflecting the trial court's judgment and any documents filed pursuant to the plea negotiations are to be filed within 15 days of that hearing.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the hearing record and supplemental clerk's record are filed with this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion.

PER CURIAM

Panel Consists of Justices Wise, Jewell, and Hassan.

# RULE 38.  REQUISITES OF BRIEFS

**Tex. R. App. P. 38.8. Failure of Appellant to File Brief.**

(b) *Criminal Cases*.

(1) Effect.  An appellant=s failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice.  If the appellant=s brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact.  If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing.  In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which recordCincluding any order and findingsCmust be sent to the appellate court.

(4) Appellate Court Action.  Based on the trial court=s record, the appellate court may act appropriately to ensure that the appellant=s rights are

protected, including initiating contempt proceedings against appellant=s counsel. If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.